IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Charles William Thornburg, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-cv-00172-LY |
| § | Jury Trial Demanded |
| Williamson County, Texas, *et al.*, § | |
| § | |
| Defendants. § | |

# CERTAIN DEFENDANTS' MOTION TO STAY DISCOVERY

NOW COME Jason Johnston, Jason Brantley and Roel Alafa, three of the named Defendants (collectively referred to as "Movants"), and file their Motion to Stay Discovery, and show the Court as follows:

## I.
## SUMMARY

Movants have asserted qualified immunity in their Motion to Dismiss. Movants are therefore requesting that the Court enter a protective order staying all discovery, including all disclosures, pending resolution of the immunity defense. *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012).

## II.
## BACKGROUND

Plaintiff filed suit against Williamson County, Texas on February 22, 2021. ECF 1. Plaintiff filed an Amended Complaint on March 24, 2021, ECF 13, and a Second Amended Complaint on March 26, 2021. ECF 18. Johnston, Brantley and Alafa timely filed their Motion to Dismiss, which is pending before this Court, and raised their defense of qualified immunity to suit. ECF 58.

Because Johnston, Brantley and Alafa's Motion to Dismiss may result in a complete dismissal of Plaintiff's claims against Johnston, Brantley and Alafa, and because the quality-immunity defense has been raised, discovery should not be undertaken in this litigation until after this Court issues an order on Johnston, Brantley and Alafa's motion.

### III.
### ARGUMENTS AND AUTHORITIES

Movants ask this Court to stay all discovery in this matter until the qualified immunity defense raised and argued in Movants' Motion to Dismiss has been adjudicated. Movants seek to have discovery abated on behalf of all Defendants, due to the nature of Plaintiff's claims, as well as the Supreme Court precedent of *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009), which requires the stay Movants are requesting.

As noted above, Movants seek dismissal of the claims against them on the basis of qualified immunity.  ECF 58.  Another Defendant has also filed a motion to dismiss based on qualified immunity.  ECF 27. These immunity defenses should be resolved at the earliest stages of litigation. *Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir.1995). Without requiring Plaintiff to submit to the procedures mandated by the Fifth Circuit for resolution of the qualified immunity defense, the purpose of the defense is defeated. When a public official has asserted immunity, the district court should determine the issue, or, in some cases, require Plaintiff to reply to that defense in detail. *Id*., at 1433.  Further, the Fifth Circuit has recognized the propriety of abating discovery until qualified immunity issues have been resolved. *Id.*, at 1433-34.   The Fifth Circuit has further specified the procedure that district courts should follow when a public official asserts an immunity defense. *See Backe,* 691 F.3d at 645. The Fifth Circuit recognizes that qualified immunity is an immunity from suit, rather than a mere defense to liability. *Id*., at 648 (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). As such, "[o]ne of the most salient

benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Id*. (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). As *Backe* points out, the Fifth Circuit has followed a procedure since at least 1995 requiring that before a district court may allow discovery to proceed, the district court must "…first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id*. (citing *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-995 (5th Cir. 1995).

The Fifth Circuit reiterated its statements and holdings in *Backe* in *Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014). In *Zapata,* the defendants moved for dismissal and asserted qualified immunity. The district court deferred ruling on the assertions of immunity and proceeded to permit discovery. *Zapata*, 750 F.3d at 484. The Fifth Circuit found that since the district court did not make an initial determination that the plaintiff's allegations, if true, would defeat qualified immunity, the district court had not fulfilled its duty under the procedural framework the Fifth Circuit has established. Therefore, the Fifth Circuit vacated the district court's order that would allow discovery to proceed and remanded the case with instructions to the district court to follow the procedures outlined in *Backe* and other cases. *Id*., at 486. The U.S. Supreme Court also recognizes that, until immunity has been addressed, discovery should not be allowed *as to any party* because doing so defeats the purpose of the immunity defense. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-686 (2009).

Allowing discovery in any form, including disclosures otherwise required by Local Rule, or even requiring the parties to plan discovery, is premature until the Fifth Circuit's procedures for addressing assertions of immunity have been applied. Based on Supreme Court and Fifth Circuit precedent that government officials should not be subjected to unnecessary and

burdensome discovery or trial proceedings while questions of qualified immunity remain pending, this Court should abate discovery until the resolution of all assertions of qualified immunity by the individual Defendants in this case.

### A. The Stay of Discovery Applies to All Defendants

Moreover, the stay of discovery is applicable to *all* Defendants. In response to an argument that a case could proceed against other defendants while being stayed as to the "petitioners" who had asserted immunity, the U.S. Supreme Court has explained:

> It is no answer to these concerns [about the disruptions caused by the discovery process] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft*, 556 U.S. at 685-86. Accordingly, the Court should enter an order staying *all* discovery as to *all* Defendants in this matter, until all qualified immunity issues have been resolved. While previously some courts would permit discovery to proceed against defendants who did not or could not (*e.g.*, governmental entities) assert qualified immunity, the Supreme Court has rejected this method, explaining that it is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for the party asserting qualified immunity to participate in the process to ensure that the case "does not develop in a misleading or slanted way that causes prejudice to their position." *Id.* Even if not subject to discovery orders, the official asserting qualified immunity "would not be free from the burdens of discovery." *Id.*

Allowance of discovery goes against the purpose of the qualified immunity doctrine, which is to free officials from the concerns of litigation, including avoidance of disruptive

discovery. *Williams-Boldware v. Denton County*, 741 F.3d 635, 643 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 685). As such, all discovery in this matter should be stayed as to all Defendants pending a determination of all assertions of qualified immunity by individual Defendants.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Jason Johnston, Jason Brantley and Roel Alafa pray that the Court grant this motion, and enter an order staying all discovery as to all Defendants until after the qualified immunity defenses asserted by individuals have been fully adjudicated; Defendants further pray for such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Mark J. Dyer*
**MARK J. DYER**
State Bar No. 06317500
dyer@mdjwlaw.com
**ALAN P. MOORE**
State Bar No. 14320075
amoore@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
214-420-5500
214-420-5501 (fax)

**ATTORNEYS FOR DEFENDANTS JASON JOHNSTON, JASON BRANTLEY AND ROEL ALAFA**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, I certify I conferred with Plaintiff's counsel on April 23, 2021 in a good-faith attempt to resolve the matter by agreement. No agreement could be made because Plaintiff opposes the requested relief.

*/s/ Alan Moore*
**ALAN MOORE**

**CERTIFICATE OF SERVICE**

On April 23, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Alan Moore*
**ALAN MOORE**