# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CHARLES WILLIAM THORNBURG,** § <br> *Plaintiff* § <br> § <br>   **v.** § <br> § <br> **WILLIAMSON COUNTY, TEXAS,** § <br> **OFFICER ROBERT CHODY, FRANK** § <br> **SAENZ, LORENZO HERNANDEZ,** § <br> **CHRISTOPHER PISA, TIM RYLE,** § <br> **STEPHEN DEATON, MARK LUERA,** § <br> **JAMES JOHNSON, BRIAN DIRNER,** § <br> **JEREMY STEWART, ROEL ALAFA,** § <br> **JASON BRANTLEY, CHARLES** § <br> **DUVALL, MARCO GOMEZ,** § <br> **TRE'VONE JOHNSON, JASON** § <br> **JOHNSTON, JUSTIN KOPTA, DAVID** § <br> **NICKEL, DAVID OBERG, MATTHEW** § <br> **PANIAGUA, WAYNE PASSAILAIGUE,** § <br> **KYLE PENCE, CHRIS PINA,** § <br> **ALEJANDRO TORRES, JOE** § <br> **WARING, JOSH WHINNERY, and** § <br> **KEVIN WILLIS,** § <br> *Defendants* | **Case No. 1:21-cv-00172-LY-SH** |

## ORDER

Before the Court are Certain Defendants' Motion to Stay Discovery, filed April 23, 2021 (Dkt. 63), and Plaintiff's response in opposition, filed May 19, 2021 (Dkt. 90).[1] The District Court referred all pending and future nondispositive and dispositive motions in this case to the undersigned Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 105.

---

[1] The District Court granted Plaintiff's unopposed motion for an extension of time to file his response. Dkt. 73.

### I. Background

On February 24, 2019, deputies from the Williamson County Sheriff's Office arrested Plaintiff Charles William Thornburg at his home in Leander, Texas. Dkt. 18 ¶¶ 44-45. Thornburg alleges that he was seriously injured when deputies unnecessarily used a police dog, TASER, bean bag shotgun, and one or more blunt objects during his arrest. *Id.* ¶¶ 61-75.

On February 22, 2021, Thornburg filed this civil rights lawsuit against Williamson County, Williamson County Sheriff Robert Chody, and several deputies of the Williamson County Sheriff's Office in their official and individual capacities. Dkt. 1. Thornburg brings claims for Fourth Amendment violations under 42 U.S.C. § 1983 and seeks monetary damages and attorneys' fees. Dkt. 18 ¶¶ 194-232. Thornburg alleges that Williamson County created customs, practices, or policies that were the moving force behind his injuries. *Id.* ¶¶ 199, 214. Thornburg filed his First Amended Complaint on March 24, 2021, and his Second Amended Complaint on March 26, 2021. Dkts. 13, 18.

On April 15, 2021, Defendants Williamson County and Frank Saenz filed motions to dismiss Thornburg's Second Amended Complaint for failure to state a claim; Saenz also asserted qualified immunity. Dkts. 26, 27. On April 22, 2021, Defendants Roel Alafa, Jason Brantley, and Jason Johnston (collectively, "Movants") also filed a motion to dismiss based on failure to state a claim and qualified immunity. Dkt. 58. Movants now ask the Court to stay discovery as to all Defendants pursuant to FED. R. CIV. P. 26(c) until the Court decides threshold immunity issues raised in the motions to dismiss.

### II. Legal Standards

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a

protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 643 (5th Cir. 2014) (stating that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.") (citation omitted); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (finding that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity). When a stay of discovery is warranted for certain parties asserting qualified immunity, discovery should be stayed as to all parties. *Iqbal*,

556 U.S. at 685-86 (2009) (noting that allowing discovery on any party until immunity has been addressed forces all parties to participate).

### III. Analysis and Conclusion

Movants have demonstrated the existence of the threshold question whether Thornburg's claims are barred by qualified immunity. Therefore, the Court finds that Movants have established good cause for a stay of discovery of limited duration.

Accordingly, the Court **GRANTS** Certain Defendants' Motion to Stay Discovery (Dkt. 63) until the District Court has ruled on the pending Motions to Dismiss based on qualified immunity (Dkts. 27 and 58).

**SIGNED** on June 2, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE